## Norcross et al. v. Otis Brothers & Co., Appellants.

[Marked to be reported.]

*Action for malicious abuse of civil process.*

No action will lie for malicious abuse of civil process, unless there is falsehood in the demand, want of probable cause, malice in the defendant, and an actual arrest of the person or a seizure of property.

*Notice to debtor not to pay creditor.*

A mere notice by a stranger to a debtor not to pay a creditor, in consequence of which the creditor is compelled to sue to recover his money, is not sufficient to support an action for damages. In such a case the only loss is the delay in payment, which is compensated by interest.

Argued Nov. 9, 1892. Appeal, No. 285, Oct. T., 1892, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1892, No. 142, on verdict for plaintiffs, J. A. Norcross et al. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Trespass for notifying debtor not to pay creditor.

The facts appear by the court's charge, as follows :

" The allegation of the plaintiffs is that they had the contract with the county commissioners· for the building of the county court house and jail; that they made a subcontract with Frederick Tudor for the heating apparatus and four elevators ; that the contract price for the elevators was $19,000, of the kind specified and eventually put in place ; that the contract with Tudor was for a larger sum of money, but it was conceded that the portion for the elevators was $19,000 ; that the work proceeded for a time under the contract with Tudor, when Tudor became insolvent, having received from Norcross Bros. (as alleged by them) $14,500 of the contract price; that after the failure of Tudor the· Otis Bros. & Co., who had the contract from Tudor for the building of the elevators, and had done all the work thus far, refused to proceed further with the work ; that therefore negotiations began between the plaintiffs and the defendants in reference to the completion of this work ; that the negotiations finally resulted in a contract between these parties whereby Norcross Bros. were to pay to Otis Bros. & Co. the sum of $9,000 for which they agreed to finish and complete the elevators, with the

stipulation that neither party to the contract agreement, which was reduced to writing and is Exhibit C, 'is to be prejudiced by the agreement in respect of any action at law or in equity, either by way of prosecution or defence, and neither this agreement nor the fact of the completion of said elevators, nor the payment of said sum of $9,000, is to be pleaded or used in evidence by one against the other in action or actions at law or in equity between said parties hereto, provided that if recovery be had against Norcross Bros. in any proceeding as aforesaid against them by Otis Bros. & Co. judgment so secured shall be liquidated so as not to exceed $10,000, with interest.' . . . The elevators were completed by the Otis Bros. & Co. under the provisions of the agreement made in writing, bearing date the 23d day of November, 1887. Norcross Bros. paid the money called for by the agreement, $9,000, and the same was accepted by the Otis Bros. & Co. . . . Two actions at law have been brought by the Otis Bros. Co. against Norcross Bros. to recover what they allege to still be due and owing to them for the erection of the elevators, to wit, the sum of $10,000. One of these actions was discontinued and the other is still undisposed of. Norcross Bros., upon the completion of the court house on March 10, 1888, and upon final estimate, had coming to them from the county the sum of $26,800, the sum of $20,000 being for the furnishment of the court house, and $6,800 being for the balance due on the contract for the building of the court house and jail. Two warrants were given to the plaintiffs for these amounts, when the payment of one of the warrants for the $6,800 was stopped by the county commissioners, owing to a notice given to them by Mr. McKee, the attorney for the Otis Bros. Co., to withhold payment of the same for the reason that the labor rendered and performed, and the materials furnished and used in and about the construction of the said buildings, had not been fully settled and paid for by Norcross Bros. in compliance with the provisions of their contract with the county, requiring such to be done before payment is made to said Norcross Bros. by the county, and in consequence the payment of $6,800 was withheld. . . .

" An important question for consideration under the evidence is whether the Otis Bros. Co. was confined to action at

law and in equity and thereby were precluded, under their contract with Norcross Bros., from taking steps to have the county commissioners withhold payment to Norcross Bros. upon their contract with the county; until the alleged labor and materials of defendants in the erection of the court house and jail had been fully settled for and paid. This mode of proceeding, that is by the giving of notice, is not expressly forbidden by the contract of the Otis Bros. Co., as it authorizes any actions or proceedings at law or in equity to be instituted thereafter, without regard to the contract or any of its provisions, for the settlement of disputed questions of liability between the parties. [The language used in the contract, Exhibit C, will admit of a resort to the proceedings complained of, that is a notice to withhold payments as a lawful proceeding, that is they were not prevented from doing it, provided you do not find in the evidence from other sources the fact that the parties intended to refer any dispute between them, in reference to the payment for the elevators, to an action at law or a proceeding in equity in the ordinary form; they have some facts that might enable you to form a conclusion as to that.] [7]

[" I may also say in my opinion that if a notice to the commissioners was given merely for the purpose of vexatious and malicious interference, and with the intent to secure an unfair advantage, with a knowledge that they had no claim on the fund in that way or right to stop payment or apply the funds otherwise than to Norcross Bros. on their contract with the county, the plaintiff would be entitled to recover for the damage thereby sustained. What I mean to say is this: that the notice to the commissioners under the contract was not, in itself, a violation of the terms of the contract; but that if you find from the evidence, outside of the writings, that the parties intended and did limit themselves in any dispute to actions at law or proceeding in equity, the plaintiffs may recover. Or if with knowledge that they had no remedy against the Norcross Bros.' money in the hands of the county commissioners, they maliciously, vexatiously and unjustly interfered with and delayed payments to Norcross Bros. and counsel, and caused them litigation which otherwise would have been avoided, plaintiffs would have a right to recover the damages sustained. Now I used the words maliciously, vexatiously and unjustly because

that is the foundation of the plaintiffs' claim in their declaration, or, what is now substituted for a declaration, their statement. [8] . . . .

" This interference, however, in my judgment was not of such a character under the circumstances as would justify punitive damages ; if plaintiffs are entitled to recover they can only be such as are compensatory. The only damages therefore to which the plaintiffs may be entitled, are the expenses to which they have been put by the litigation made necessary to recover their claim against the county, as a result of the notice given by the Otis Bros. Company to the commissioners upon which payment to Norcross Bros. was withheld." . . .

Binding instructions for defendant were refused. [10]

Verdict and judgment for plaintiffs, $577.    Defendants appealed.

*Errors assigned* were, inter alia, (7, 8, 10) instructions, quoting them.

*John F. Sanderson*, with him *Walter Lyon*, and *Charles H. McKee*, for appellant.—At common law an action on the case was given for all civil cases brought falsely, maliciously and without probable cause ; nor was the right to such an action at all dependent upon an interference with either the person or property.    But after the passage of the statute of Malbridge, in the fifty-second year of Henry the third, which gave costs to the defendant by way of damage against the plaintiff pro falso clamore, it was held that the malicious prosecution of a civil suit without probable cause was not good ground for an action on the case unless there was an arrest of the person, or a seizure of property, or other special injury which would not result in all suits prosecuted for like causes of action.    It must be said, in general, that an action like this does not lie unless there is a concurrence of, (1) falsehood in the demand ; (2) want of probable cause ; (3) malice in the defendant ; and (4) damage by arrest or imprisonment, seizure of property, bankruptcy proceedings, or the like : Supreme Lodge v. Muverzagt, 5 Corporation Rep. 55 ; Co. Lit. 161 a ; Webster v. Haigh, 3 Lev. 210 ; Goslin v. Wilcock, 2 Wils. 302 ; 3 Chit. Bl. 126, and note 14 ; Savill v. Roberts, 12 Mod. 208 ; 14 A. &. E. Enc. Law, 32 ; Mayer v. Walter, 64 Pa. 283 ; Eberly v. Rupp, 90 Pa. 259 ; Mul-

doon v. Rickey, 103 Pa. 110 ; Wetmore v. Mellinger, 64 Iowa, 741 ; 18 N. W. R. 870 ; Smith v. Hintraeger, 67 Iowa, 109 ; 24 N. W. R. 744 ; Pollock, Torts, 206.

It is error to submit the want of probable cause to the jury : Travis v. Smith, 1 Pa. 234 ; Fisher v. Forrester, 33 Pa. 501 ; Deitz v. Langfitt, 63 Pa. 234.

A mere civil suit, however malicious or unfounded, cannot be made the ground for an action for damages : Muldoon v. Rickey, 103 Pa. 110 ; Reams v. Pancoast, 111 Pa. 42 ; Eberly v. Rupp, 90 Pa. 259 ; Mell v. Barner, 135 Pa. 151.

*S. Schoyer, Jr.,* for appellees, cited Patterson v. Marine National Bank, 130 Pa. 432.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 3, 1893 :

We do not understand it to be disputed that the defendant corporation had a claim against Norcross Brothers, growing out of the construction of the elevators of the court house, in the city of Pittsburgh. Whether it was a valid claim, is not material to the present inquiry. That there was such a claim appears distinctly by the agreement referred to as " Exhibit C," and bearing date the 23d day of November, 1887.

It further appears that the county of Allegheny was indebted to Norcross Brothers in a sum of money which was due on account of the erection and construction of the said court house. The plaintiffs were nonresidents of the state, and they claim that the defendant gave notice to the county not to pay them the money that was admittedly due them. What the precise terms of this notice were does not appear. It was not in writing, and we have only oral evidence of its character. In pursuance of it, however, the commissioners of the county, acting under the advice of counsel, refused to pay the balance, about $6,800, whereupon Norcross Brothers sued the county of Allegheny and recovered the amount.

This suit is brought to recover damages alleged to have been sustained by Norcross Brothers in consequence of the alleged wrongful notice given as above stated. The jury returned a verdict for the plaintiffs in the sum of $577, upon which verdict judgment was entered in the court below.

The plaintiffs' statement of their cause of action alleges that the notice referred to was given maliciously, vexatiously and unjustly.

The only specification with which we will concern ourselves is the tenth, in which it is averred that the learned court erred in not affirming defendant's point. The point was in these words: "That under all the evidence the plaintiff is not entitled to recover."

This specification presents the broad question, whether the plaintiffs have any cause of action.

While it may be true that an action will lie for a malicious abuse of civil process, yet there must be falsehood in the demand, want of probable cause, malice in the defendant, and an actual arrest of the person, or a seizure of property. Whatever may have been the rule of the common law in England prior to the time of Henry III, at the present day, and according to the law as it stands now, the bringing of an ordinary action, however maliciously, and however great the want of probable cause, will not support a subsequent action for malicious prosecution: Pollock on Torts, 206. And a mere civil suit, however malicious or unfounded, cannot be made the ground for an action of damages. In Muldoon v. Rickey, 103 Pa. 110, it was held, that no action lies to recover damages for the prosecution of a civil suit, however unfounded, where there has been no actual interference with either the person or property of the defendant. The case cited was an action of ejectment, in which the declaration averred that it had been instituted maliciously and without probable cause, and that in consequence thereof the plaintiff was injured in circumstances, and was hindered and prevented from using the properties in controversy, to borrow money for his business, by means whereof he was damaged, etc. This court held, reversing the court below, that the plaintiff could not recover.

In Kramer v. Stock, 10 Watts, 115, it was held that to sustain an action on the case for malicious prosecution, it was necessary that the party should have committed an illegal act from which positive or implied damage ensued; but that, to bring an action, though there was no good ground for it, was not such an illegal act. On the other hand, where one abuses legal process, as by maliciously holding one to bail, or wantonly levies an execution for a larger sum than is due, or after the payment of the debt, an action would lie against him, for these are illegal acts, and damage is thereby sustained.

In Mayer v. Walter, 64 Pa. 283, it was held that a mere suit, however malicious and unfounded, cannot be the ground of an action for damages if the defendant or his goods be not seized. "If," said Mr. Justice SHARSWOOD in delivering the opinion of the court, "the person be not arrested or his property seized, it is unimportant how futile and unfounded the action may be, as the plaintiff, in consideration of law, is punished by the payment of costs."

If the law were not so, there would be no end of litigation. If the plaintiff, in an action of this kind, should fail to recover, the defendant in turn would bring a suit against him on the ground that the former suit was malicious, and so long as there was no recovery for the plaintiff, the parties could keep on suing each other until the end of time.

In this case there was neither the use nor the abuse of legal process. There was nothing but the giving of a notice. The notice had no legal effect whatever. It had not the effect of an attachment to tie up the fund, and had the money been attached by legal proceedings, it would be difficult to see how the plaintiff in the attachment could be mulcted in damages because of the failure of his attachment. That the action did not operate as a legal restraint upon the fund in question is shown by the fact that Norcross Brothers immediately brought suit against the county and recovered. Their loss was the delay of payment which was compensated by interest.

It is to be noticed that in the ingenious and able argument of the learned counsel for the appellee, but a single case is cited which it is even alleged sustains his contention. That was the case of Patterson v. The Marine National Bank, 130 Pa. 432, where punitive damages were allowed by reason of the refusal of the bank to honor a check of a depositor upon notice of a third person that he was the owner of the fund. The case cited would have had more application if the suit had been against the third person who gave the notice instead of the bank which refused to honor the check.

We are quite sure that if there was a case in the books which even seemingly sustains the contention of the appellees the industry of their learned counsel would have discovered it. In Potts v. Imlay, 1 Southard, 330, Chief Justice KIRKPATRICK alleged that the books for four hundred years back had been

searched to find an instance where an action on the case for the malicious prosecution of a civil suit, like the one there trying, had been successfully maintained, and that it was conceded by the counsel for the plaintiff that no such case had been found. We understand, therefore, why no case has been cited in the present instance.

We are of opinion that the plaintiffs below had no cause of action, and the defendant's point should have been affirmed.

Judgment reversed.

Mr. Justice MITCHELL dissented.