## Geske v. Balut

Before Aponick, Flannery, Lewis and Pinola, JJ.

*William A. Valentine, Jr.,* for plaintiff.

*George I. Puhak,* for defendant.

PINOLA, J., November 10, 1952. — Plaintiff has moved for a new trial assigning as error the court's direction of a verdict in favor of defendant.

The action is for malicious prosecution based upon an alleged arrest of plaintiff arising out of the purchase of a fur coat from defendant. Plaintiff purchased the coat December 27, 1950, making a down payment of $100 and agreeing to pay an additional $100 the following month and $40 per month thereafter until the full purchase price of $785 had been paid. She was unable to comply with the terms and made only two $5 payments after the purchase.

On January 18, 1951, plaintiff returned the coat to defendant for the purpose of having a waist eye moved, receiving a receipt for it. She did not pick up the coat at the appointed time but called at defendant's

place of business and told defendant's sister she couldn't make further payments; that she would leave the coat in storage with defendant until her husband came home from the Army. Thereafter plaintiff received two notices from defendant that payments were due.

On April 17, 1951, defendant appeared before Alderman S. Miles Barber in the City of Wilkes-Barre and swore to an information charging plaintiff with larceny by bailee and fraudulent conversion of the fur coat, and on the same day a warrant was issued for her arrest. Constable Hay, not finding plaintiff at home, informed her mother of the warrant and left with her the card of S. Miles Barber, endorsed with the following notice:

"Leona Geski. You appear at this office Thursday April 19, 1951 at 10:00 A. M. to answer a charge of fraudulent conversion."

Upon learning of the warrant, plaintiff immediately called defendant demanding an explanation. She was told that she still had the coat and hadn't paid for it. Plaintiff thereupon informed defendant that the coat was in his possession. After checking defendant called plaintiff and told her there had been a mistake, that she need not appear at the alderman's office, and that he would have the case dismissed. Notwithstanding all this, plaintiff did appear with her attorney and there the charge was withdrawn by defendant.

Being of the opinion that an arrest is necessary to support an action for malicious prosecution, and none having been shown, the trial judge directed a verdict in favor of defendant.

There is no doubt that no action will lie for malicious abuse of civil process, unless there be an actual arrest of the person or a seizure of property: Norcross et al. v. Otis Brothers & Co., 152 Pa. 481. But, in malicious

prosecution, since a complaint or charge must be made to a criminal tribunal, the courts are divided as to whether an arrest is necessary. Townshend in his work on Slander and Libel, fourth ed., p. 704, declares:

"The natural and proximate consequences of a complaint to a criminal tribunal, making a charge which amounts to a criminal offense, and of which the tribunal addressed has jurisdiction, is the arrest of the accused, which may or may not be followed with detention or imprisonment and cost of defense, and any one of these consequences is such damage or special damage as will confer a right of action. This distinction between a complaint which is per se actionable, and one which is actionable only where special damage ensues, explains why some decisions hold that an arrest is, and others that an arrest is not, essential to a right of action."

He lists Mayer v. Walter, 64 Pa. 283, among the cases holding that an arrest is essential to a cause of action. This led to the ruling by the trial judge.

Upon careful consideration, we have all concluded that an arrest should not be necessary: 54 C. J. S. 960, §10; 34 Am. Jur. 712, §20. Also Harper on Torts, p. 584, sec. 269. The reasoning supporting this view is best expressed in Halberstadt v. New York L. Ins. Co., 194 N. Y. 1, 7, 86 N. E. 801:

"The substantial injury for which damages are recovered and which serves as a basis for the action may be that inflicted upon the feelings, reputation and character by a false accusation as well as that caused by arrest and imprisonment. This element 'indeed is in many cases the gravamen of the action'."

Therefore, we enter the following

### Order

Now, November 10, 1952, the motion for new trial is granted.