403 A.2d 573

**Mary Jane McGEE, Appellant,**

v.

**L. F. GRAMMES & SONS, INC., Appellee,**

**and**

**The Travelers Insurance Co., Intervening Appellee.**

Supreme Court of Pennsylvania.

July 6, 1979.

Robert H. Dickman, Philadelphia, for appellant.

Edward H. Feege, Allentown, for appellee.

James N. Diefenderfer, Allentown, for Workmen's Compensation Appeal Board.

Charles W. Craven, Philadelphia, for Travelers Insurance Co.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM.

Presently before us for disposition is a Petition for Writ of Prohibition filed by Ms. Mary Jane McGee (McGee) and a Petition for Clarification filed by the Travelers Insurance Co. (intervening insurer). On March 23, 1978, this Court filed an opinion in which we reversed a Commonwealth Court order affirming the Workmen's Compensation Board's (Board) decision which would have sustained a referee's suspension of a compensation agreement between McGee and her employer, L. F. Grammes & Sons, Inc. (Grammes). *McGee v. L. F. Grammes & Sons, Inc.*, 477 Pa. 143, 383 A.2d

864 (1978). Grammes had initially petitioned on July 1, 1970 to terminate the agreement alleging that the disability had ended on November 26, 1968. We held that the record did not support an order terminating the agreement and remanded the cause to the Board to reinstate the agreement and to compute the payment and interest due McGee for the period during the litigation when no compensation was being paid. Pursuant to our mandate, the Board entered an order on July 13, 1978 vacating the prior suspension order and directed that compensation be continued pursuant to the compensation agreement.

 While this should have terminated the matter, Grammes, and now the intervening insurer, have deliberately protracted this litigation in an attempt to avoid payment to McGee in accordance with our mandate.[1] The dilatory tactic that has been employed in this lawsuit to avoid a legitimate obligation has already forced this Court to issue a supplemental order on March 23, 1979 directing that the Board's July 13, 1978 order "be complied with forthwith", and that "[a]ll other proceedings conflicting with this order are herewith dismissed." Thereafter, Grammes filed an Application for Re-Argument and Motion for Stay which was denied by this Court on April 20, 1979. In view of the three definitive expressions of the position of this Court, a Petition for Clarification at this time is impertinent and frivolous and is dismissed out of hand.[2]

1. This record presents a despicable example of a blatant misuse of the legal process to avoid payment of a legal obligation. On July 12, 1978, Grammes requested the Board for a re-hearing, alleging inter alia that "in view of the fact that the Referee, the Board and the Commonwealth Court and one of the Justices of the Supreme Court held that the Defendant had met its burden of proving it was entitled to a termination" the Board had the right to relitigate an issue *finally decided* by this Court. When the Board properly rejected the request as being "tantamount to a negation of the most recent holding of the Supreme Court", Grammes compounded the situation by appealing this frivolous claim to the Commonwealth Court. Concurrently, Grammes filed a new petition for termination with a Referee again alleging that the disability terminated as of November 26, 1968.

2. The question raised in the petition for clarification relates to the appropriate weekly rate at which McGee was entitled to compensa-

■ Turning next to McGee's request for a Writ of Prohibition, we are satisfied that it has merit and must be granted. A study of the proceedings pending below establishes that it is a thinly disguised attempt to avoid the original mandate of this Court. This attempt persisted even after our subsequent orders of March 23, 1979 and April 20, 1979. Grammes is still attempting to pursue its appeal to the Commonwealth Court, and that court is entertaining the proceedings, despite the filing by McGee of a proper Motion to Quash. This appeal stems from Grammes' initial request made to the Board for a rehearing which was filed (July 12, 1978) prior to the order of July 13, 1978. As has been noted, Grammes has not properly perfected an appeal from the July 13, 1978 order. Instead, Grammes is now seeking to disturb the finality of the July 13, 1978 order (in spite of the fact that this Court has specifically mandated its enforcement) through an appeal of a denial of the Board to grant the requested rehearing. Thus, the record establishes that the Board's order of July 13, 1978 is a final order, from which no appeal has been taken; that the order was properly reduced to judgment and its enforcement was sanctioned by this Court; and that the execution of this judgment moots all of the issues sought to be raised in the instant appeal pending in the Commonwealth Court.

The Writ of Prohibition is granted and the appeal docketed at No. 2508, Commonwealth Court Docket, 1978 is

tion. The July 13, 1978 order set the weekly rate at $85.51 although the original compensation agreement had established the rate at $60.00 per week. We note that neither Grammes or the intervening insurer has appealed from the Board's July 13, 1978 order, in accordance with Pa.Appellate Procedure Rule 1512, replacing 77 P.S. § 833 (Workmen's Compensation). The first complaint relating to the weekly rate of compensation as established by the order of July 13, 1978 was raised in a Petition for Rehearing which was filed with the Board on October 26, 1978 long after the thirty day period for appeal of the July 13, 1978 order had expired. Thus any objection to the weekly compensation order as established by the July 13, order was waived. We also note that the question as to the rate of weekly compensation set forth in the July 13, 1978 order was not raised in the answer to the Petition to Enforce Judgment entered on the July 13, 1978 order but was first set forth in the Application for Re-Argument after our grant of the Petition to Enforce Judgment.

quashed. The Petition for Clarification filed by the *intervening insurer* is denied. Grammes and the intervening insurer to bear costs. *See* Pa.R.A.P. 2741 (explanatory note); Pa.R.A.P. 106; Pa.R.C.P. 1526.