452 A.2d 1384

Caroline ACE, Appellant,

v.

ARGONAUT INSURANCE COMPANY, William A. Black, Jr.,
M.D., Homayoon Froozan, M.D., Severino Y. Piczon, M.D.,
Northeastern Neurological Associates, Inc., John R. Lenahan,
Sr., William J. Dempsey, Joseph A. Murphy, John R. Lenahan,
Jr., Lenahan, Dempsey and Murphy, P.C.

Superior Court of Pennsylvania.

Argued Dec. 7, 1981.

Filed Nov. 30, 1982.

Petition for Allowance of Appeal Denied March 18, 1983.

Roger Mattes, Scranton, for appellant.

Allan Molotsky, Philadelphia, for appellees.

Before CAVANAUGH, McEWEN and BECK, JJ.

McEWEN, Judge:

We here consider an appeal from an order of the Common Pleas Court of Lackawanna County which sustained the appellees' preliminary objections in the nature of a demurrer to the suit instituted by appellant for malicious use of process and abuse of process.  We affirm.

This action is based on a prior suit, commenced in 1975, in which the appellees had joined appellant, a licensed practical nurse, as a third party defendant in a wrongful death and survival action which had been brought against appellees Black, Froozan and Piczon, individually and trading as Neurological Associates. In that medical malpractice action a summary judgment was granted in favor of appellant in February, 1980.

Appellant then filed a complaint in trespass on April 3, 1980 and an amended complaint on November 17, 1980, in which she sought damages for malicious use of process and abuse of process. Appellees filed preliminary objections in the nature of a demurrer in which they alleged that no cause of action was stated for either malicious use of process or abuse of process since appellant had not alleged an interference with either her person or property. We note that our study of this issue is subject to the principle that "a party presenting a preliminary objection in the nature of a demurrer admits, for purposes of the motion, all material and relevant facts that are pleaded and every reasonable inference that may be deducible therefrom. The same standard is applied on appeal from a trial court's order sustaining a demurrer." *Triester v. 191 Tenants Assoc.*, 272 Pa.Super. 271, 276, 415 A.2d 698, 701 (1979) (citations omitted).

Appellant presents two issues for our review: (1) whether a plaintiff must prove an arrest or seizure of property in order to establish a cause of action for abuse of process; and (2) whether the appellant pleaded sufficient facts to meet the requirement of an arrest or seizure of property. Our Supreme Court in *Publix Drug Co. v. Breyer Ice Cream Co.*, 347 Pa. 346, 348–49, 32 A.2d 413, 415 (1943), articulated the distinction between these two causes of action:

Decisions in this state and in other jurisdictions have drawn a distinction between actions for abuse of legal process and those for malicious prosecution, which, when founded on civil prosecutions, are usually described as malicious use of civil process. The gist of an action for abuse of process is the improper use of process after it has

been issued, that is, a perversion of it: *Mayer v. Walter,* 64 Pa. 283 [1870]; annotation, 80 A.L.R. 581. 'An abuse is where the party employs it for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it. * * * On the other hand, legal process, civil or criminal, may be maliciously used so as to give rise to a cause of action where no object is contemplated * * * other than its proper effect and execution.' *Mayer v. Walter, supra,* 64 Pa. 285; *Johnson v. Land Title B. & T. Co.,* 329 Pa. 241, 242, 198 A. 23 [1938]. Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with a perversion of a process after it is issued. All the analogies of an action for a malicious arrest belong to an action for malicious use of civil process.

■■■ We first address the contention of appellant that, unlike an action for malicious use of process, a suit brought for abuse of process does not require the plaintiff to prove an arrest or seizure of property. The law of this Commonwealth, prior to the passage of the Act of December 19, 1980, P.L. 1296, No. 232 (codified at 42 Pa.C.S.A. §§ 8351–54), required that a plaintiff prove an arrest of the person or seizure of property in order to state a cause of action for either malicious use of process or abuse of process. *See Publix Drug Co. v. Breyer Ice Cream Co., supra; Garland v. Wilson,* 289 Pa. 272, 137 A. 266 (1927). That requirement was abrogated in part by the enactment in 1980 of 42 Pa.C.S.A. § 8351 which eliminates the element of arrest or seizure of the person or property in actions for malicious use of civil proceedings.[1] That statute does not eliminate as a

1. § 8351 provides as follows:
   Wrongful use of civil proceedings
   (a) Elements of action.—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:
   (1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the

condition precedent for abuse of process the requirement that there have been an arrest or a seizure for abuse of process [2]; nor does the statute eliminate that requirement for the malicious use of process that is alleged to have occurred in the instant case, since this cause of action accrued in 1975, more than five years prior to the effective date of the Act [3] which eliminated the requirement. Thus, we conclude that in this suit an arrest or seizure of property is a required element for both the claim of malicious use of process, as well as the claim of abuse of process.

We must determine whether sufficient facts were pleaded in the complaint to state a cause of action for either abuse of process or malicious use of process. Appellant alleged in her amended complaint the following facts:

Plaintiff's person has been summoned into the jurisdiction of this court by the service of this court's process by the Wyoming County Sheriff's office; her liberty curtailed by being required to attend to discovery procedures in Lackawanna County as well as being required to travel to Lackawanna County on numerous occasions.

Plaintiff's property, i.e. her good name and professional reputation was seized by the defendants in their assertion of her malpractice from such prestigious, professional sources.

Also, in the interim, Plaintiff's property, i.e., her employment rights were seized by her being terminated at two

proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought.

(b) Arrest or seizure of person or property not required.—*The arrest or seizure of the person or property of the plaintiff shall not be a necessary element for an action brought pursuant to this subchapter.* (emphasis added). 1980, Dec. 19, P.L. 1296, No. 232, § 1, effective in 60 days.

2. *Sheridan v. Fox,* 531 F.Supp. 151 (E.D.Pa.1982).

3. Section 2 of the Act of December, 1980, P.L. 1296, No. 232 provides that said act, "shall take effect in 60 days and shall be applicable to causes of action accruing thereafter." The cause of action in the instant case accrued prior to December 19, 1980.

different places of employment because of the unbased allegations of the defendants.

Also, in the interim, the Plaintiff's property rights in her estate were seized by the necessity of her incurring $3,612.62 in legal expenses.

In order to determine whether particular facts establish a seizure of property, it is helpful to look at the rationale for the requirement. Our court in *Triester v. 191 Tenants Assoc., supra,* 272 Pa.Super. at 280, 415 A.2d at 703–704, discussed this rationale:

> Such a requirement was established in *Kramer v. Stock,* 10 Watts [(Pa.)] 115 (1840), and has remained an essential element of the action in this Commonwealth. *See, e.g., DeLeo v. Munley,* 261 Pa.Super. 90, 395 A.2d 957 (1978); *Garcia v. Wall & Ochs, Inc.,* 256 Pa.Super. 74, 389 A.2d 607 (1978). The rationales advanced for this requirement have been numerous. In *Garcia v. Wall & Ochs, Inc., supra,* this court stated that the rule was necessary to prevent parties to civil actions from being inhibited in presenting their claims. In *Mayer v. Walter,* 64 Pa. 283 (1870), it was noted that a plaintiff who brings a frivolous suit is sufficiently punished by being forced to pay the costs of the suit. But see Note, Groundless Litigation and the Malicious Prosecution Debate: A Historical Analysis, 88 Yale L.J. 1218, 1227 (1979). Finally, in *Muldoon v. Rickey,* 103 Pa. 110, 113 (1883), the Supreme Court, in discussing the burden of defending a frivolous suit, observed that '[a]ll are troublesome, expensive and often ruinous, and if for such damage the action of the case could be maintained, there would be no end of litigation, for the conclusion of one suit would be but the beginning of another. It has, therefore, been wisely determined that for the prosecution of a civil suit, however unfounded, where there has been no interference with either the person or property of the defendant, no action will lie.' *See also Norcross v. Otis Bros. & Co.,* 152 Pa. 481, 25 A. 575 (1893); *Eberly v. Rupp,* 90 Pa. 259 (1879).

With this rationale in mind, we must determine whether the Common Pleas Court properly determined that the deprivations and losses alleged by the appellant were insufficient to establish a claim for malicious use of process or abuse of process. Our distinguished colleague, Judge Gwilym A. Price, Jr., in the *Triester* case, *supra,* 272 Pa.Super. at 281, 415 A.2d at 703, provided guidance for our inquiry when he opined:

> In determining what is a sufficient seizure for purposes of an action for malicious use of process, it is necessary to distinguish between those losses that result from a direct seizure arising from the suit, and those that are mere indirect or incidental losses that may be associated with any legal proceeding.

■ The allegation of appellant that her liberty was curtailed and that she incurred costs in defending the suit are not such losses as constitute a deprivation of property. Rather, as the eminent Judge J. Sydney Hoffman declared, such consequences are "an often unavoidable burden on litigants and cannot be construed as the kind of immediate seizure or interference with the person and property contemplated by Pennsylvania case law." *Garcia v. Wall & Ochs, Inc.,* 256 Pa.Super. 74, 80 n. 6, 389 A.2d 607, 610 n. 6 (1978); citing *Publix Drug Co. v. Breyer Ice Cream Co., supra.*

We further note that no deprivation of property was alleged in the averments relating to interference with the good name and professional reputation of appellant. This court has stated that injury to reputation is "the kind of secondary [consequence] which the seizure requirement was designed to make non-compensable." *Garcia v. Wall & Ochs, Inc., supra,* 256 Pa.Super. at 80–81 n. 6, 389 A.2d at 610 n. 6; Citing *Muldoon v. Rickey,* 103 Pa. 110 (1883); *Roberts v. Gibson,* 214 Pa.Super. 220, 251 A.2d 799 (1969). And while a wrongful shadow upon reputation inflicts grave harm upon the dignity of the individual, *Garcia* reiterates that the requirement of "seizure of property" will not be extended by interpretation to include other, even more harmful, consequences of malicious use or abuse.

■ Nor is there authority for the proposition urged by appellant that the loss of employment is a "seizure of property" in a malicious use or abuse case. The loss of employment follows upon and flows from the damaged reputation. Since the more direct and immediate harm of a damaged reputation does not meet the seizure requirement, an even further consequence of that very harm, the loss of employment due to the damaged reputation, may not be considered a seizure.

We are not unmindful of the considerable unfavorable consequences of malicious use and abuse behavior. However, the courts long ago concluded that it was the more urgent and beneficial policy to eliminate any factor that might inhibit citizens from reliance upon the law and its courts to resolve disputes. The legislature in 1980 reflected certain misgivings concerning that policy and somewhat eased, as we have seen, the seizure requirement but that legislation was not sufficiently timely to benefit appellant.

The order of the distinguished Lackawanna County Common Pleas Court Judge James M. Munley is affirmed.