## Shermer, Appellant, *v.* Paciello.

*Landlord and tenant—Subletting—Ejectment—Judgment—Security for rent—Act of March 25, 1825.*

A subtenant under a tenant who has covenanted not to sublet, has no standing to set aside a judgment entered upon an ejectment clause in a lease, where there is no waiver of the covenant by agreement or acquiescence on the part of the landlord.

In such a case where the landlord has notified the tenant to give security under the act of March 25, 1825, 8 Sm. L. 411, and the subtenant has offered the security and been refused, the landlord may subsequently enter judgment under the warrant of attorney in the lease.

Argued Jan. 19, 1894.    Appeal, No. 158, Jan. T., 1894, by plaintiff, Joseph H. Shermer, from order of C. P. No. 4, Phila. Co., Sept. T., 1893, No. 296, making absolute rule to open judgment against defendant, Joseph Paciello.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.    Reversed.

Rule to open judgment on warrant of attorney in lease.

From the record and depositions taken in the case it appeared that on Aug. 7, 1889, John A. Shermer executed a written lease to Charles Willidge for one year for the premises in question, No. 739 South street, in the city of Philadelphia, exactly similar in form to the lease under which judgment was entered, and containing a covenant against subletting.    The lessee went into possession under this lease, and continued in possession until after the death of the lessor, when a new lease was made by Joseph H. Shermer, a son of the former lessor, to Charles Willidge, the same tenant, dated Feb. 15, 1893, for one year, for the same premises, exactly similar in form to the other two leases.

In August, 1893, Willidge sold his business to Joseph Paciello, and they went to the office of the lessor's agent on Aug. 17, 1893, and Willidge surrendered his lease, and procured a lease to Joseph Paciello for said premises, which is the lease in question.    Paciello went into possession under this lease.    At this time the business on the premises was being actively conducted.    The lessor had no knowledge of any one claiming to be a subtenant.    From August, 1889, up to the time of Paciello's lease there was no other tenant except Willidge, to the lessor's knowledge.    There were no other leases for the premises except the two to Willidge.

On Oct. 2, 1893, Paciello went to lessor's agent and gave him the key, saying he would not keep the property any longer. When the agent went to the house to take possession he found there a man named Banner Herman, who claimed to be a subtenant, and who asserted that he had paid rent to Paciello, and

to the tenant who preceded him. The lessor's agent then, on Oct. 3, 1893, gave notice to Paciello under act of March 25, 1825, 8 Sm. L. 411, to give security for at least three months' rent or deliver possession. This notice fell into the hands of Banner Herman, who, on Oct. 6, 1893, tendered security to the agent, which he declined to accept, and the agent then entered judgment in ejectment under the lease for violation of the covenant against subletting.

On Oct. 14, 1893, Herman made an application to the court of common pleas for a rule to show cause why the judgment should not be opened, and the writ of habere facias possessionem set aside, alleging that he had been in the premises for about a year and a half, paying rent to Paciello, and to others previously. Depositions were taken on behalf of Herman for the rule, and on behalf of plaintiff against the rule. The defendant Paciello did not appear to contest the judgment. On argument the court made the rule absolute.

*Error assigned* was above order.

*E. Cooper Shapley,* for appellant, cited : Hessel v. Johnson, 124 Pa. 233; Hessel v. Johnson, 142 Pa. 8 ; Hessel v. Fritz, 124 Pa. 229.

*Aaron Thompson,* for appellee, cited : Grider v. McIntyre, 6 Phila. 112 ; Hessel v. Johnson, 129 Pa. 173 ; Brown v. Butler, 4 Phila. 71.

OPINION BY MR. JUSTICE FELL, April 9, 1894 :

This case is before us on an exception to an order making absolute a rule to open a judgment in ejectment entered by virtue of authority contained in a lease, and upon the averment of a breach of the covenant not to sublet. The depositions develop these facts : In August, 1889, John A. Shermer, father of the plaintiff, leased the premises in question as a fruit store to Charles Willidge. In February, 1893, the lessor having died, a new lease was made by his son, the plaintiff, to the same lessee. In August, 1893, Charles Willidge surrendered his lease and procured a new one to be executed to Joseph Paciello, the defendant, who went into possession. The three leases

were exactly alike, and contained covenants against subletting. In October, 1893, Paciello called at the office of the plaintiff's agent, handed him the key, and said he had moved out. When the agent went to the premises he found Banner Herman, on whose affidavit and at whose instance the rule was granted, in possession of a part of the building and conducting a dry goods business for himself. The lessor's agent, for the purpose of obtaining possession, left on the premises a notice to Paciello to give security within five days for three months' rent or deliver possession. This notice fell into the hands of Herman, who tendered security, which was refused, and judgment in ejectment was entered. Herman had been a subtenant for some months, but of this neither the plaintiff nor his agent had any knowledge.

A subtenant in possession with the consent of the landlord, or by right, when there is no covenant against subletting, may be entitled to enter security under the act of March 25, 1825, but the right now asserted by the plaintiff is not the right as against his tenant to security or possession under the provisions of that act. The first step to lay ground for that proceeding was taken, but it was abandoned ; and the case before us grows out of the landlord's assertion of the remedy secured to him by the lease for breach of the covenant not to sublet.

The defendant did not resist this proceeding, and the subtenant has no standing to do so unless he has acquired some right.

There is no evidence of a waiver of the covenant by agreement or acquiescence. The commencement of a statutory proceeding by the agent did not debar the owner from the use of the remedy provided by the lease. The only standing that the subtenant claims is that he was in possession before the date of the lease to the defendant. The preceding tenants had no right to sublet, and the testimony is distinct and clear that the property was not sublet with the knowledge or consent of either the owner or his agent, and that they had no knowledge of the possession of Herman until the keys had been delivered to the agent and he went to take possession. The possession of Herman under both Willidge and Paciello was that of a subtenant under a tenant who had covenanted not to sublet, and it gave him no right against the landlord.

The judgment is reversed.