# Harnish *v.* Kauffman et al., Appellants.

*Landlord and tenant—Lease—Subletting—Consent—Evidence—Sufficiency.*

Where premises have been leased under an express prohibition of subletting without written consent, evidence that those who desired to sublet went to the owner, and, upon requesting his consent, were told "there would be no trouble," but that he wanted to see his tenant, is not sufficient to establish his consent to a subletting, or a waiver of the restriction.

Subtenants, who have been dispossessed, cannot rely upon a lease, and at the same time ignore its provisions. If they claim the protection of favorable clauses, they are bound by the clauses advantageous to the owner, and, if they affirm a waiver of the lease, they cannot avail themselves of its protection.

Argued November 14, 1921.   Appeal, No. 69, Oct. T., 1921, by defendants, from order of C. P. Lancaster Co., Nov. T., 1920, Execution Docket No. 10, discharging rule, in the case of D. L. Harnish v. F. C. Kauffman and Conrad & Rice.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Affirmed.

Petition for repossession of premises and release of goods seized under landlord's warrant and amicable action of ejectment.   Before HASSLER, J.

The facts are stated in the opinion of the Superior Court.

The court granted a rule in the nature of a rule to open judgment, and, after depositions filed and argument had, discharged the rule.   Defendants appealed.

*Errors assigned* were discharging the rule and holding that the defendants were not subtenants.

*B. F. Davis,* for appellants.—Appellant's property was in the custody of the law, and not subject to landlord's warrant: Skiles v. Sides, 1 Pa. Superior Ct. 15; Liquid Carbonic Co. v. Truby, 40 Pa. Superior Ct. 634.

The landlord recognized the subtenants as such, and ratified the subletting to them: Daughters of American Revolution v. Schenley, 204 Pa. 572.

An application to open a judgment is equitable in substance, and must rest on a meritorious, and not on a mere technical defense: Bauer v. Hill, 267 Pa. 559.

*M. M. Harnish,* of *Harnish & Harnish,* and with him *Harold G. Ripple,* for appellee.—There is no testimony of a waiver: Fidelity Trust Co. v. Kohn, 27 Pa. Superior Ct. 374.

The appellants are bound by all the covenants of their lessor: Johns v. Winters, 251 Pa. 169; Shermer v. Paciello, 161 Pa. 69.

OPINION BY TREXLER, J., March 3, 1922:

D. L. Harnish, plaintiff, on December 19, 1918, leased to F. C. Kauffman for a period of one year from January 1, 1919, with the privilege of releasing from year to year for three years more, certain premises situated in the City of Lancaster. The lease contained the provision that the premises should not be sublet, excepting with the written consent of the lessor. Some time in April, 1920, Conrad & Rice, appellants, desired to purchase the business of F. C. Kauffman, and before closing the contract, they called upon D. L. Harnish, the owner, in order to ascertain whether they might rent as subtenants from Kauffman. Both defendants state that upon their interview Mr. Harnish stated that there would be no trouble, they should "send Mr. Kauffman up." They, on the 15th of April, obtained a lease from F. C. Kauffman, which lease purported to sublet to them under the lease bearing the date of the 19th of December, 1918, above referred to, the term of which with renewals extended to De-

cember 31, 1922.   Two days after, on April 17th, Kauff-
man surrendered his lease to Harnish and entered into a
new lease for a period of eight months, and in that lease
there is a privilege given the tenant to release to Conrad
& Rice but restricted "for the term of this lease."   Kauff-
man, having defaulted in the rent, an amicable warrant
of ejectment was entered against him, under the lease of
April 17, 1920, a writ of possession issued and judgment
was also confessed for the amount of rent due and a fi. fa.
issued thereon and the goods of Conrad & Rice were
levied upon.   There was also a landlord's warrant issued
and Conrad & Rice replevied the goods and retained
them, giving bond.   The matter came before the lower
court upon a petition, praying the court to allow the
petitioner to have custody of the premises and be re-
possessed thereof, and that the court release the goods
and chattels from the levy of the execution.   We pre-
sume the petition may be regarded as an appeal to the
court to open the judgment.

If the defendants' goods were unlawfully seized under
the landlord's warrants, issued on the lease of April 17,
1920, they had their remedy in replevin and have already
availed themselves of that; if under a fi. fa., inter-
pleader proceedings would settle the title to them.

The right of possession is claimed by Conrad & Rice as
subtenants under the first lease.   They say that Harnish
recognized them as subtenants and waived the provisions
of the lease and gave his consent that Kauffman should
sublet to them.   We agree with the lower court that
there is no evidence to justify this position.   The inter-
views, testified to by the defendants, as having occurred
between them and Harnish were merely to the effect that
Harnish said that there would be no trouble as to the
subletting but both say that Kauffman was to see the
landlord and therefore the transaction was not com-
pleted, as far as Harnish was concerned.   The appel-
lants, however, have another string to their bow.   They
say that in the making of the second lease with Kauff-

man, after the surrender of the first lease, Harnish recognized them as subtenants in that he gave Kauffman the right to release to Conrad & Rice. Whatever meaning we may give to the word "release," it is very evident that Harnish did not, by its use, waive any of the provisions of the lease and they cannot at the same time rely on the lease and ignore its provisions. They cannot seek its benefits and also claim they are strangers to it. In any view we take of the case, we find the court was right in refusing to grant the summary relief prayed for.

The assignments of error are overruled and the order of court affirmed.