## Morphy, Appellant, *v.* Shipley et al.

Submitted January 3, 1945. Before Maxey, C. J., Drew, Linn, Stern, Patterson, Stearne and Jones, JJ.

*Louis F. McCabe* and *Sidney E. Smith,* for appellant.

*William R. Reynolds* and *Yale L. Schekter,* for appellees.

Opinion by Mr. Justice Jones, March 19, 1945:

The suit out of which this appeal grows embraced two separate causes of action, the one, for damage to furniture whereof the plaintiff claimed to be the owner and, the other, for the defendants' alleged malicious use and abuse of legal process in causing the sheriff to levy upon the furniture and advertise it for sale pursuant to writs of execution issued upon judgments to which the plaintiff was not a party. The learned trial judge excluded the latter cause as lacking legal basis under the facts of the case but submitted the former to the jury which returned a verdict for the defendants. Motion for new trial was denied. Plaintiff appeals from the judgment entered upon the verdict.

Appellant no longer questions that the evidence adduced at trial was sufficient to support the verdict so

far as it bears upon the cause of action submitted to the jury. The matter now assigned for error relates solely to the action of the court below, both at trial and on the motion for new trial, in denying the plaintiff a right of action for the defendants' alleged malicious use and abuse of legal process under the circumstances present. Whether the lower court's action in such regard was error constitutes the one question involved on this appeal.

The facts, as disclosed by the pleadings and proofs, show the following: On October 17, 1934, the defendants by written agreement leased to one Irving J. Lavinsky a certain dwelling house for use as an "antique shop and antique storage warehouse". The lease, which was for a term of one year, was thereafter continued in force from year to year, down to February 24, 1937, under a provision for its automatic renewal in certain circumstances. On the date last mentioned the lessee, by agreement with the defendants, surrendered the lease, which covered the whole of the premises, and accepted a new lease for portions of the second and third floors of the dwelling, which were to be used as "storage room for furniture". On May 27, 1938, pursuant to a warrant of attorney contained in the lease, the defendants entered judgment by confession against the lessee for arrearages in rent. On June 13, 1938, the defendants executed a new lease to Lavinsky for a term of six months from May 1, 1938, for the third and fourth floors of the same dwelling for use as "storage rooms for furniture". On November 2, 1938, the lessee having failed to pay the rent called for by the lease last mentioned, the defendants competently entered judgment against him by confession in accordance with the lease for the amount of the unpaid rent.

On November 2, 1938, the defendants caused writs of execution to issue upon both of the above mentioned judgments, i. e., a writ of *fieri facias* on the judgment confessed under the 1937 lease and a writ of *habere facias*

*possessionem,* with a writ of *fieri facias* conjoined, on the judgment confessed under the 1938 lease. In accordance with the defendants' instructions, the sheriff executed these writs by levying upon and advertising for sale the goods and household furniture, found upon the demised premises, and by removing the furniture to a storage house forthwith in execution of the possessory writ. On November 22, 1938, the plaintiff filed with the sheriff a claim to ownership of the furniture taken in execution. As a result of that notice, the sheriff postponed the sale. Nor did he thereafter sell the furniture down to the time of the trial of this case some four and one-half years later. During all of that time the furniture remained in storage where the sheriff had placed it.

Mrs. Morphy, as plaintiff, avers that she occupied a portion of the demised premises (for storage of the furniture in question) as a sublessee of Lavinsky from as far back as September 1935 and that her sublease was expressly renewed by Lavinsky upon each subsequent change of lease to him from the defendants. Each of the leases to Lavinsky provided that he should not sublet the premises or any part thereof "without the written consent of [the] Lessor first had and obtained". The plaintiff neither averred nor proved any such written consent.

However, she did allege knowledge on the part of the defendants of her subtenancy and of her ownership of the furniture stored on the premises. Without implying that her proofs were sufficient to establish a waiver of the express provision against subletting without written consent from the lessors, for present purposes, we shall presume in the plaintiff's favor both with respect to the existence of her subtenancy and as to the defendants' alleged knowledge of her ownership of the furniture. It is indeed very doubtful whether the evidence was sufficient to support a finding of such knowledge on the part of the defendants until after the sheriff had made his levies under the writs. Furthermore, it appears in the plaintiff's case (by written response from defend-

ants' representative to plaintiff's counsel which was offered generally) that "Lavinsky ha[d] repeatedly advised * * * [the defendants] that certain of the goods on the premises taken out on the hab. fac. belonged to him" and that "Neither he or Mrs. Morphy ha[d] ever offered to distinguish or identify the goods which belonged to them separately."

In her statement of claim, the plaintiff charges a malicious use *and* an abuse of legal process. There is a distinction between the two which it is important to keep in mind when appraising the averments and proofs. Where a suit is for *malicious use* of legal process, it is incumbent upon the plaintiff to aver and prove that the defendant acted not only maliciously but without reasonable or probable cause: *Mayer v. Walter,* 64 Pa. 283, 286; *Johnson v. Land Title Bank & Trust Company,* 329 Pa. 241, 242-243, 198 A. 23. But, a plaintiff need prove neither want of probable cause nor malice where the claim is for an *abuse* of legal process. See *Mayer v. Walter,* supra, at p. 286; *Siegel v. The Netherlands Company, Inc.,* 59 Pa. Superior Ct. 132, 138; and *Korrallas v. Griffiths,* 70 Pa. Superior Ct. 431, 433. Malice and want of probable cause are concomitant ingredients of conduct which amounts to an abuse of legal process. "An abuse is where the party employs it [i. e., legal process] for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it." See *Mayer v. Walter,* supra, and the illustrations there given at p. 286.

In the present instance, the writs of execution were regularly issued upon valid judgments [1] and were issued

---

[1] Following the issuance of the writs of execution and the postponement of the sale of the furniture because of the plaintiff's claim to ownership of the goods seized in execution, the judgments were opened on the petition of the judgment debtor who was let into a defense, all proceedings on the writs being stayed in the meantime. At the ensuing trial of the opened judgments the jury returned verdicts for the defendants upon which judgments were entered which have long since become final.

for a proper, and not some indirect or ulterior, purpose. They were designed to obtain satisfaction of judgments for rent out of goods upon the demised property and, by removal of the goods, to give the landlords possession of the premises to which they were rightfully entitled because of their lessee's established defaults. The case does not involve an abuse of process. It cannot justifiably be said that either the issuance or the use made of the writs was a perversion of them. *Shane v. Gulf Refining Company*, 114 Pa. Superior Ct. 87, 173 A. 738, cited by appellant, is not in point. In the *Shane* case, an improper and unwarranted levy had been made at the personal and direct insistence of the creditor under an execution which had been issued upon a general judgment for goods sold and delivered to which neither the goods taken in execution nor their third-party owner had any relation whatsoever. The judgment debtor was an utter stranger to the goods levied upon and to the premises upon which they were located. The case was obviously one of abuse of process.

In the instant case the suit by the subtenant was, at most, for an alleged malicious use of legal process. That being so, the burden was upon the plaintiff to aver and prove want of probable cause and malice. See *Johnson v. Land Title Bank & Trust Company*, supra, at p. 243. The appellant argues that she met her burden when she showed that the furniture taken in execution of the writs was hers and that she was not a defendant in the judgments upon which the writs issued. As support for this contention, she relies upon the rule of law which restricts a creditor in a general judgment to the property of the debtor for the satisfaction of the judgment. See *National Cash Reg. Co. v. Sorto,* 106 Pa. Superior Ct. 106, 109, 161 A. 766; cf. *Liquid Carbonic Company v. Truby,* 40 Pa. Superior Ct. 634, 636. The validity of this rule may readily be conceded, but it does not meet the facts of this case.

The question here is not whether the plaintiff's goods on the demised property were exempt from levy and sale

upon executions issued on the defendants' judgments against their lessee but whether the defendants had reasonable cause to believe that the goods on the demised premises, regardless of their ownership, could be taken in satisfaction of their judgments for rent.

Not only did the plaintiff not show a want of probable cause but her averments and proofs established the contrary. What constitutes probable cause and whether it exists under an admitted or clearly established set of facts are questions of law for the court to determine: *Robitzek v. Daum*, 220 Pa. 61, 64, 69 A. 96.

In accounting for the presence of her furniture upon the demised premises as a matter of right, the plaintiff averred and offered proof to show that she was a subtenant of the defendants' lessee. To that end, she pleaded the defendants' leases to Lavinsky as the source of her sublessor's title. Thus claiming a right dependent upon Lavinsky's leaseholds, the plaintiff may not ignore the provisions of the leases creating her lessor's estate. Cf. *Harnish v. Kauffman*, 78 Pa. Superior Ct. 251, 254. As a self-avowed subtenant of Lavinsky, the plaintiff was bound, so far as her property on the demised premises was concerned, by what Lavinsky had agreed to in the leases to him. Cf. *Shermer v. Paciello*, 161 Pa. 69, 72, 28 A. 995.

In the 1934 lease Lavinsky expressly agreed that "*all goods on the said premises * * * shall be liable to distress or *may be taken in execution for rent* or other charges herein reserved as rent, * * *.*" (Emphasis supplied). While the judgments upon which the writs of execution issued were entered under the 1937 and 1938 leases to Lavinsky, it was the 1934 lease which originally created the legal status under which the furniture, now claimed by the plaintiff, had been placed upon the premises in September 1935 where it continued to remain until taken in execution three years later. The 1937 lease specifically provided that the 1934 lease should remain in force until specified arrearages in rent had been

paid; and there is neither averment nor proof that such arrearages had been paid at the time of the entry of the judgment under the 1937 lease. It was upon that judgment that the defendants issued the *fieri facias* pursuant to which the sheriff levied upon the furniture in question. In the circumstances shown, the trial court would not have been warranted in permitting the jury to find that the defendants, in levying upon the goods on the demised premises, had acted without probable cause.

That the defendants believed their rights to be as above indicated and that their belief was an honest one, and not a malicious design, clearly appears from the plaintiff's own proofs. The defendants freely communicated their position in the matter to plaintiff's counsel during negotiations, looking to amicable settlement, immediately following the levy. At that time they invited the plaintiff to test her asserted ownership of and right to the furniture by appropriate proceedings, but she declined to follow the suggestion. And, as already stated, Lavinsky, the judgment debtor, was claiming at least a part of the furniture as his own. There was no showing of any conduct on the part of the defendants which would justify an inference of malice. And, even if there were, it would be no more than an inference which would be offset by the inference of a want of malice to be drawn from the fact that the defendants acted throughout under advice of counsel. See *Altman v. Standard Refrigerator Company, Inc.*, 315 Pa. 465, 476, 477, 173 A. 411.

So far, we have treated only with the defendants' issuance and their use of the writs of *fieri facias*. But there was also the writ of *habere facias possessionem* under which the sheriff was empowered to deliver to the defendants possession of their property. In the execution of that writ the sheriff, contemporaneously with his levy under the writs of *fieri facias,* removed the furniture from the demised property to storage where it still remained, unsold, at the time of the trial of this case. In short, nothing had yet been done to defeat the plain-

tiff's title to the goods which she claims are hers. To date, there has been no determination in the plaintiff's favor of any proceeding respecting the furniture which would give rise to even a rebuttable presumption that the defendants acted without probable cause.

The judgment of the court below is affirmed.