# Benn v. Hill

*Marshall M. Cohen*, for plaintiff.
*K. L. Shirk*, for defendant.

WISSLER, J., August 8, 1947.—In the month of February 1939 plaintiff, Sara Benn, and John E. DeMarra entered into a written lease for the term of one year, commencing March 1, 1939, for a two and one half story brick cafe and dwelling known as 648-650 South Queen Street, Lancaster, Pa., at a monthly rental of $28. Among the covenants and conditions of said lease is the following:

". . . The Lessor agrees that the Lessee may assign this lease or the entire leased premises without notice to the Lessor—anything to the contrary in the printed portion hereof notwithstanding—; and that any assignee of this lease shall be entitled to exercise all of the options and rights herein granted. The Lessee shall not, however, have the right to sublet any portions of the premises (as distinguished from the entire premises) without written consent of the Lessor."

Subsequently the lessee, John E. DeMarra, assigned the premises to Lewis S. Hill, Jr., defendant, by a lease dated August 31, 1943, for the term of seven months commencing September 1, 1943, at a monthly rental of $28 to be paid to Sara Benn, the owner of the property; and defendant entered into possession and has retained possession to the date of the present action in ejectment.

On March 14, 1947, the lessor, plaintiff herein, declared a forfeiture of the said lease by a proceeding in

this court, alleging that notwithstanding the covenant prohibiting subletting without the written consent of the lessor, defendant had sublet the premises, or a portion thereof, to Mr. and Mrs. Lewis S. Hill, Sr., without securing the written approval of plaintiff lessor, and had likewise damaged the property by breaking out plumbing fixtures; and plaintiff alleged that by reason thereof the said lease and the terms thereof became instantly forfeited by virtue of a further provision in the lease which reads as follows:

"Upon the breach on the part of the Tenant of any of the covenants or agreements of this lease or upon its termination by forfeiture, default or expiration the Prothonotary or any attorney of any court of Record in Pennsylvania is hereby authorized to appear for and to confess judgment in an amicable action of ejectment against the said Tenant and in favor of the said Landlord for the premises herein described and to direct the immediate issuing of a writ of habere facias possessionem with clause of fieri facias for the costs, waiving all irregularities, without notice and without asking leave of court, and this agreement or a true copy thereof, shall be a sufficient warrant for the same."

Plaintiff, exercising her right, filed a declaration of forfeiture of the lease, to which declaration and the judgment entered thereunder defendant on March 21, 1947, presented his petition to this court, praying that said judgment should be opened and he be permitted to defend, and that all proceedings in the meantime be stayed; whereupon the present rule was granted.

The depositions taken in support of the rule disclose that Anna Hill, a sister of defendant, occupied a part of the leased premises for three years, and that his father and mother-in-law have lived with him since August of 1944, and continued to do so to the time of the taking of the depositions, although at the time he

moved into the leased premises his family consisted of himself and wife only, and that he at no time told either plaintiff or her agent, Mr. Mishkin, of such occupancy. In fact, defendant expressly admits all this, but contends he did not lease it to them and charged no rent but simply permitted them to share the leased premises with him as members of the family. It further appears from the notes of testimony that all the requirements of notice to defendant have been complied with, as well as the Office of Price Administration regulations.

The court is not disposed, nor does it deem it necessary that the case should be determined on the allegations of breaking out plumbing fixtures. The case rests entirely on the subletting without the written consent of plaintiff.

Defendant, admitting occupancy of the premises by his father and mother-in-law, contends, however, there was no evidence of a lease and no evidence that any rent was paid by them and that there was no subletting. To so contend is to defeat the very purpose of the restriction of subletting by the tenant without the consent of the lessor, namely, to guard against an occupancy by persons other than those by whom the lease was negotiated. Defendant further contends that the covenants of the original lease between plaintiff and John E. DeMarra are not binding upon him as assignee of DeMarra.

If a lease provides for a forfeiture on the occurrence of certain facts, the assignee takes subject to this right, and the original lessor may sue or be sued on the respective covenants in the original lease; and this, although new covenants are introduced in the assignment: Lloyd v. Cozens, 2 Ashmead (Pa.) 131 (1830). A subtenant has no standing to ask the court to open judgment on a warrant of attorney and to set aside the habere facias possessionem unless the lessor has waived the covenant against subletting: Shermer

v. Paciello, 161 Pa. 69 (1894) ; Sinberg v. Davis et al., 285 Pa. 426 (1926). The fact that he was in possession under former tenants, who also were forbidden to underlet, will not prevent his dispossession. 2 Trickett on Landlord and Tenant, 423, §387. See also p. 410, §371.

After a careful examination of the testimony, the court feels that this is not a case which should be submitted to a trial by a jury. All the vital and material parts of the testimony strongly sustain the allegation of plaintiff as to the fact of the subletting without his consent, and that there was no waiver of this restriction on the part of plaintiff.

And now, August 8, 1947, the rule to show cause why the judgment should not be opened and petitioner allowed to make a defense thereto, is discharged.