## Cohen v. Gruber

*James G. Kellar* and *Sheldon L. Albert*, for plaintiffs.

*William C. Wickkiser* and *David G. Welty*, for defendants.

SCHEIRER, Judge, August 22, 1967.—Defendants' preliminary objection in the nature of a demurrer to plaintiffs' complaint in trespass is before us.

Plaintiffs, husband and wife, aver they are the owners of premises located at 2228-48 Hamilton Street, in the City of Allentown. On May 26, 1965, the husband filed an application for a permit for a zoning variance to the use of said premises. Since plaintiffs aver that they expended certain costs in preparation for the building of an apartment house, we may infer the variance involved the proposed construction of such a building. On June 7, 1967, a public hearing was held before the zoning board of adjustment, at which hearing defendants appeared as objectors. On July 6, 1965, the board granted the application for the variance and on August 2, 1965, defendants, Floyd E. Gruber, Sr., and M. Lillian Gruber, filed an appeal from the board's decision to this court.

Defendants, Mr. and Mrs. Gruber, are stated to be the owners of premises located at 2302-22 Hamilton Street and 22 South Twenty Third Street. Thirteen other defendants appear to be tenants of the Grubers and are alleged as having acted as their agents, servants and employes or their subagents, servants and employes.

The nature of the action is stated in paragraph 24 of the complaint as follows:

"24. The acts of the defendants as aforesaid and hereinafter described constituted an unreasonable interference with a reasonable business expectancy of the plaintiffs; constituted a malicious use and abuse of process; and constituted an unfair method of competition which is redressable under the law, in that said acts were undertaken solely for the purpose of harassing, oppressing, delaying, obstructing and preventing the said plaintiffs from the use of said premises for the personal economic gain of the defendants, Floyd E. Gruber, Sr. and M. Lillian Gruber".

A variety of damages are claimed by plaintiffs and further in paragraph 32 they aver in part:

"32. As a direct and proximate result of the aforesaid acts of the defendants hereinbefore named, which were wanton, wilful and malicious, and in oppressive disregard of the plaintiffs' rights, plaintiffs claim punitive damages of the defendants . . ."

Defendants submit that insufficient facts have been alleged to state a cause of action and that plaintiffs have relied on mere legal conclusions.

It is contended that the acts of defendants, i.e., appearing at a hearing objecting to a zoning variance and appealing the decision of the board, constituted a malicious use and abuse of process. Initially, we observe that mere attendance at a hearing to object to a variance does not seem to involve a use or abuse of process. Process generally involves the issuance of a

writ or summons. If the filing of an appeal is a legal process, then it is difficult to comprehend the possible liability of defendants other than the Grubers, for only the latter filed the appeal. It is not averred that the Grubers acted for other defendants in filing the appeal. While we feel the foregoing are weaknesses in plaintiffs' complaint, we shall dispose of the preliminary objection on other grounds, especially since defendants have not discussed these matters in their brief. It may be that the acts of defendants support another theory of plaintiffs.

The courts have distinguished between use and abuse of process. Chief Justice Biggs in Baird v. Aluminum Seal Company, Inc., 250 F. 2d 595, 600, states the distinction succinctly:

"The Pennsylvania decisions have drawn a distinction between actions for malicious *use* of process and actions for malicious *abuse* of process. The prime distinction between the two torts is that in actions for malicious use of process the original issuance of process cannot be justified on the facts, but the process is used in the manner in which the law contemplated its use. If the plaintiff has no cause of action against the defendant but nonetheless maliciously brings suit against him, the action is a malicious use of process. In actions for malicious abuse of process the original issuance of the process was justified but the process itself was put to an illegal use. If the plaintiff sues the defendant on a valid cause of action but brings the suit, for example, not to collect his just debt but for a collateral purpose such as blackmail the action is a malicious abuse of process. See Morphy v. Shipley, 1945, 351 Pa. 425, 41 A. 2d 671; Publix Drug Co. v. Breyer Ice Cream Co., 1943, 347 Pa. 346, 32 A. 2d 413; Mayer v. Walter, 1870, 64 Pa. 283".

In the early case of Mayer v. Walter, 64 Pa. 283, it was said, "An abuse is where the party employs it

for some unlawful object, not the purpose which it is intended by the law to effect; in other words, a perversion of it".

While plaintiffs' briefer speaks of "abuse of process" rather than "malicious use of process" and possibly means to abandon the latter, we must accept the pleading as drawn. If the action is to be "malicious use of process", we are of the opinion it has not been properly pleaded. A clear statement on what should be averred and proven in process cases is found in Schmick v. Northwestern Production Corporation, 24 D. & C. 2d 542, 547:

"We feel that the proper approach to cases of this sort would involve the following principles: First, that where a person wrongfully initiates a process, i.e., a malicious use, plaintiff should be required to aver and prove malice or want of probable cause, that the prior proceeding on the process which was used had terminated favorably to plaintiff, and that the process had been used for a purpose other than that of securing the adjudication of a claim on which the proceedings were based. Secondly, in an action of malicious abuse of process, plaintiff should aver and prove facts and circumstances which would indicate a malicious intentional perversion of the process and in this instance malice, if proven, would form the basis of and justify the jury in awarding punitive damages. Third, in a case where mere abuse of legal process is averred, we would hold that the averment of the abuse, i.e. the unlawfulness of the action taken, and the damages resulting therefrom, are sufficient and it then becomes incumbent upon defendant to plead facts which would indicate a privilege, or the lack of knowledge or intention, or facts which would justify the action taken or to show that plaintiff did not proceed otherwise than as a reasonably prudent man would proceed under the circumstances".

It can be seen that if plaintiffs intend to retain "malicious use of process" as a basis of action, the complaint is faulty. Reference is had in Schmick to averring malice or want of probable cause; but see Morphy v. Shipley, 351 Pa. 425, 41 A. 2d 671, where the requirement is set forth for averring not either malice or probable cause, but "it is incumbent upon the plaintiff to aver and prove that the defendant acted not only maliciously but without reasonable or probable cause". Plaintiffs will be required to file an amended complaint averring, if they can, inter alia, that defendants acted maliciously and without probable cause and that the prior proceeding on the process which was used had terminated favorably to plaintiffs. In the light of a statement in their brief that the appeal of defendants Gruber was sustained by the court, the latter requirement will be difficult to fulfill.

It is not definite whether plaintiffs are pleading a malicious abuse of process or a mere abuse of legal process. If the former, plaintiffs should aver "facts and circumstances which would indicate a malicious intentional perversion of the process". No facts and circumstances are averred "which would *indicate* a malicious intentional perversion of the process". If plaintiffs are pleading a mere abuse of process, we think the averments are barely sufficient.

It is averred that defendants' acts constituted an unreasonable interference with a reasonable business expectancy. In addition to the averments already made, we find that this type of pleading should as well include an averment that defendants' acts were done with the unlawful purpose of causing damage and loss to plaintiffs without right or privilege. For analogy only, and without approving as applicable the section of the Restatement of Torts cited therein, see Locker v. Hudson Coal Company, 87 D. & C. 264. In addition, plaintiffs

should plead that defendants had knowledge of their business expectancy. Again with the same qualification, see Restatement, Torts §766e.

With respect to the claim that defendants' acts constituted an unfair method of competition, we note that no reference is made that defendants are competitors of plaintiffs. Are defendants' tenants competitors of plaintiffs? The same averment should be made as suggested above in the action involving interference with a business expectancy, i.e. that defendants' acts were done with the unlawful purpose of causing damage and loss to plaintiffs without right or privilege.

The actions of malicious use and abuse of process are akin to the action of malicious prosecution and accordingly share the disfavor of the courts. Such actions should be carefully pleaded, and it should appear from the facts averred that the acts of defendant were unlawful. We have some concern that the facts averred in this action do not import unlawfulness. The attempt to collect damages from a group of neighbors who exercised a legal right in objecting to a variance in the use of nearby land is shocking. Certainly, plaintiffs had a right to use their land within the zoning regulations pertaining thereto, but the implication here is that plaintiffs should have the right to a variance without objection by others. The success of this litigation would have a far-reaching effect on the rights of property owners and residents to preserve their own properties and neighborhoods by appearing at zoning hearings to object to a variance. The right of appeal from the decision of a zoning board is so well recognized as not to require further comment. We have found no cases involving claims similar to those made by plaintiffs. This may be significant. We suspect plaintiffs have a heavy burden of proof as defendants' use of discovery may reveal.

Plaintiffs' amended complaint, if one is filed, should delineate the theories relied upon averring appropriate facts substantiating each.

Defendants' demurrer will be sustained, unless an amended complaint is filed.

ORDER

Now, August 22, 1967, defendants' preliminary objection in the nature of a demurrer is sustained, unless plaintiffs file an amended complaint in accordance with the foregoing opinion within 20 days after service of this order upon their counsel.