**UNITED STATES of America**

**v.**

**Bella ANGEL et al.**

**Civ. A. No. 72-243.**

United States District Court,
E. D. Pennsylvania.

Sept. 12, 1972.

Louis C. Bechtle, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Gabriel Elias, Warminster, Pa., Peter A. Glascott, Doylestown, Pa., for defendants.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

This action was instituted by the United States to foreclose upon a mortgage. The defendants are all connected in one way or another with the management

and ownership of a project known as Warminster Heights (formerly known as Lacey Park). The defendants have filed an answer and counterclaim; the government has moved to dismiss the counterclaim. I have jurisdiction under 28 U.S.C. § 1345.

In 1957 the United States by quit-claim deed conveyed the project now known as Warminster Heights to defendant Bella Angel. As part of the consideration for this conveyance, Bella Angel executed a bond in favor of the United States which was conditioned, *inter alia*, upon payment to the United States of the principal sum plus interest over a period of years. To secure payment of the bond, Bella Angel executed and delivered to the United States a mortgage which was duly recorded.

The United States alleges that the project has not been preserved and maintained by Bella Angel and the other defendants, and is in fact in violation of numerous county and township fire, health and sanitation ordinances and building codes. This situation is alleged to constitute a breach of the conditions and covenants in the bond and mortgage, entitling the United States under those instruments to declare the entire unpaid principal plus interest under the bond immediately due and payable. A demand for payment was made on Bella Angel on November 8, 1971 and was refused.

The government initiated this suit on February 3, 1972 seeking foreclosure and the application of the proceeds to the amounts due on the bond and mortgage. At the time the suit was filed, the government also asked for an immediate order granting it possession of the premises with the right to manage and operate the same as mortgagee in possession, collecting and applying net rents and income toward payment of the indebtedness secured by the mortgage. On February 3, 1972 I granted plaintiff's motion for immediate possession, and defendants were ousted from possession and control of the premises. How-

ever, on February 23, 1972 I vacated that order and restored the premises to the possession of the defendants.

■ Defendants in their answer deny that there has been any breach of a covenant, condition or agreement in the bond or mortgage. The counterclaim, which is the subject of the present motion, arises out of the same circumstances as the government's claim. Ordinarily, then, it would be desirable from the standpoint of judicial economy to permit the defendants to interpose their claim here rather than to require them to initiate a separate suit. *See* City of Newark v. United States, 254 F.2d 93, 94 n. 1 (C.A.3, 1958); United States v. Silverton, 200 F.2d 824 (C.A.1, 1952); United States v. Hart, 243 F.Supp. 732 (D.N.Dak., 1965). However, the claim cannot be asserted at all unless it is one on which the sovereign has consented to be sued.

Defendants allege that the instant action was brought by the United States in concert with other public agencies for the sole purpose of harassing the defendants to the point where they will agree to convey the premises at a price which is greatly below its market value. This governmental harassment, it is alleged, is tantamount to a condemnation of the property in violation of the Constitution of the United States in that it will deprive the owners of their property without just compensation being paid. Seven million dollars is requested as damages for this unconstitutional action.

■ Under the Tucker Act, 28 U.S.C. § 1346(a), the United States has given its consent to suits against it founded upon the Constitution, including actions alleging that property has been taken without just compensation in violation of the Fifth Amendment. *See* United States v. Wald, 330 F.2d 871 (C.A.10, 1964). However, jurisdiction of such suits, and thus consent by the government to be sued, is limited to claims not exceeding $10,000. 28 U.S.C. § 1346(a). Since defendants claim damages of

$7,000,000, they cannot maintain this action on Fifth Amendment grounds.

■ Jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), is not limited in amount. Defendants' counterclaim, with its assertion that this suit was initiated by the United States for the sole purpose of harassment, could also be construed as presenting the tort claim of abuse of process. Under Pennsylvania law, an action for abuse of process arises whenever legal process is employed for some coercive object which it was not the purpose of the law to effect. Morphy v. Shipley, 351 Pa. 425, 41 A.2d 671 (1945); Mayer v. Walter, 64 Pa. 283, 286 (1870).

■ However, defendants cannot support their counterclaim on this theory, since the government has specifically denied consent to be sued on any claim arising out of abuse of process. 28 U.S.C. § 2680(h).

Finally, defendants have alleged that the manager of the property, defendant Gabriel Elias, is entitled to additional relief of $300,000 because of unfair, slanderous and libelous comments generated by the actions and statements of the public agencies involved in the alleged concerted harassing action. But again the United States has not consented to be sued on any claim arising out of libel or slander. 28 U.S.C. § 2680(h).

The government's motion to dismiss defendants' counterclaim will be granted.