**Yvette HUGHES and Deborah Edwards**

**v.**

**Officer SWINEHART et al.**

**Civ. A. No. 72–1676.**

United States District Court,
E. D. Pennsylvania.

May 10, 1974.

---

John David Egnal, Philadelphia, Pa., for plaintiffs; Lawyers' Committee For Civil Rights under Law, of counsel.

Stephen T. Saltz, Asst. City Solicitor, Philadelphia, Pa., for defendants.

## OPINION

GORBEY, District Judge.

Defendants have filed a motion to dismiss the complaint in this civil rights matter. The plaintiffs' claims arise out of the police handling of a domestic disturbance on August 23, 1970, which led to their arrest. They contend that they were the victims of assault and battery, that they were unlawfully taken into custody, and that charges of assault and battery upon a police officer were filed against them solely to prevent them from filing charges against the defendant police officers. The defendants contend in their motion to dismiss that this action is barred by the statute of limitations.

The complaint in this matter is composed of three counts which are founded upon the same allegations. The first count asserts a claim under 42 U.S.C. § 1983. The second count asserts a claim under 42 U.S.C. § 1985, and the third count asserts a pendent claim under state tort law.

■ The statute of limitations in federal civil rights actions is determined by looking to the analogous state statute of limitations. In Ammlung v. City of Chester et al., 494 F.2d 811 (3d Cir. 1974), the court observed:

"Since there is no federal statute of limitations with respect to civil rights actions arising under 42 U.S.C.A. § 1983, the court below properly held that the Pennsylvania statute of limitations for analogous actions should be applied. O'Sullivan v. Felix, 1914, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980; Hileman v. Knable, 3 Cir. 1968, 391 F.2d 596; Henig v. Odorioso, 3 Cir. 1967, 385 F.2d 491, cert. denied, 390 U.S. 1016, 88 S.Ct. 1269, 20 L.Ed. 2d 166, rehearing denied 1968, 391 U. S. 929, 88 S.Ct. 1814, 20 L.Ed.2d 671; Hughes v. Smith, D.N.J.1967, 264 F. Supp. 767, aff'd 3 Cir. 1968, 389 F.2d 42. The limitation period to be applied is that which the state would apply if the action had been brought in a court of that state. Funk v. Cable,

M.D.Pa.1966, 251 F.Supp. 598, 599. There being no Pennsylvania statute of limitations of general applicability to actions involving invasions of constitutional rights, the applicable statute of limitations must be determined from the nature of the conduct alleged. Conard v. Stitzel, E.D.Pa.1963, 225 F.Supp. 244, 247."

There is no question that to the extent the suit seeks recovery for assault and battery the action must be brought within a two year limitation period (Act of Mar. 27, 1713, 1 Sm.L. 76, § 1, 12 P.S. § 31). Nor is it disputed that to the extent the claim is for false arrest, the statute of limitations is one year (Act of July 1, 1935, P.L. 503, No. 196, § 1, 12 P.S. § 51).

At issue is the statute of limitations for the plaintiffs' claim that charges of assault and battery on a police officer were filed against them to prevent their filing of a charge of police brutality. It is the defendants' contention that such conduct would give rise to a claim for malicious prosecution which is subject to the one year statute of limitations of 12 P.S. § 51. Plaintiffs on the other hand would characterize this conduct as abuse of process which they contend would subject their claim to the two year statute of limitations of 12 P.S. § 31.

Defendants point out that the Commonwealth of Pennsylvania recognizes three related torts; false imprisonment,[1] malicious use of process and malicious abuse of process. The latter two related torts frequently go under the name malicious prosecution. These are, however, two distinct actions.[2] Malicious abuse of process is the employment of process, where probable cause exists, but the intent is to secure objects other than those intended by law. *See* Morphy v. Shipley, 351 Pa. 425, 41 A.2d 671 (1945); Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346, 32 A.2d 413 (1943). In Publix Drug Co. v. Breyer Ice Cream Co., *supra*, the court observed "[t]he gist of an action for abuse of process is the improper use of process after it has been issued, that is, a perversion of it: . . . [cites omitted]" *See also* Morphy v. Shipley, *supra*, and Foster v. Sweeny, 14 Serg. & R.Pa. 386 (1826). A plaintiff need not prove want of probable cause where the claim is for an abuse of legal process. Morphy v. Shipley, 41 A.2d 671 at 673.

1. The Supreme Court of Pennsylvania acknowledged that there was no tort of false arrest in the Commonwealth of Pennsylvania, rather the action was one for false imprisonment. In seeking to determine what actions come within the one year statute of limitations governing "false arrest" cases (Act of July 1, 1935, P.L. 503, 12 P.S. § 51), the court stated:

"Strictly speaking, 'false arrest' is not itself a tort in the sense of being an independent source of liability. *See* Harper, *Malicious Prosecution, False Imprisonment and Defamation*, 15 Tex.L.Rev. 157, 161–162, 171 (1937). 'An arrest is the taking of another into the custody of the actor for the actual or purported purpose of bringing the other before a court or of otherwise securing the administration of the law': A.L.I. Restatement of the Law of Torts, Sec. 112. Privilege shields this conduct from liability if it is authorized by law. But if it is not so authorized, it usually involves assault and battery and false imprisonment, or both, and on these grounds gives rise to liability. See A.L.I. Restatement of the Law of Torts, [2d,] Sec. 118, com. (b). Hence, one who confines another, while purporting to act by authority of law which does not in fact exist, makes a false arrest and must respond in damages for whatever civil wrongs he commits. The actions to redress these wrongs is familiarly known as an action for false arrest and is what the legislature must have [therefore] meant by use of the term."
Gagliardi v. Lynn, 446 Pa. 144, 285 A.2d 109 (1971).

2. In Mayer v. Walter, 64 Pa. 283 (1870) the court observed:

"[t]here is a distinction between a malicious use and a malicious abuse of legal process. An abuse is where the party employs it for some unlawful object, not for the purpose which it is intended by law to effect; in other words a perversion of it . . . On the other hand, legal process, civil or criminal, may be maliciously used so as to give rise for a cause of action where no object is contemplated to be gained by it other than its proper effect and execution."

Malicious use of civil process has to do with the wrongful initiation of such process, while abuse of civil process is concerned with the perversion of a process after it is issued. Publix Drug Co. v. Breyer, *supra,* at 415. The basis for an action for malicious prosecution is want of probable cause and malice. Hugee v. Pennsylvania R. Co., 376 Pa. 286, 101 A.2d 740 at 742 (1954). Malicious use of civil process has to do with the wrongful initiation of such process while abuse of civil process is concerned with the perversion of process after it is issued. Dumont Television And Radio Corp. v. Franklin Electric Co., 397 Pa. 274, 154 A.2d 585 at 587 (1959).

Thus it appears that under Pennsylvania law malicious abuse of process is concerned with the issue of process where there is probable cause and a later perversion of that process to accomplish another purpose. Malicious use of process is concerned with the issuance of process when there is no probable cause regardless of the intent for which it is issued.[3]

We are concerned here with the malicious use of process. The complaint charges in paragraph 28: "Neither of the plaintiffs had at any time acted in a disorderly manner nor had they assaulted any police officer." and in paragraph 29: "The charges were placed against plaintiffs only after the assaults on them and Ernest Edwards by defendants, and were placed only to protect the officers against charges of brutality." Thus the plaintiffs contend that prosecution was initiated without probable cause which makes this an action for malicious use of process.[4] As such, the applicable statute of limitations is one year. Sachs v. Levy, 216 F.Supp. 44–46 (E.D.Pa.1963); *and see* Funk v. Cable, 251 F.Supp. 598 (M.D.Pa.1966).

A statute of limitations begins to run when the cause of action arises as determined by the occurrence of the final significant event necessary to make the claim suable. Mack Trucks, Inc. v. Bendix-Westinghouse Auto. A. B. Co., 372 F.2d 18 (3d Cir. 1966); Foley v. Pittsburgh-Des Moines Co., 363 Pa. 1, 68 A.2d 517 (1949). It is also well settled that in order to maintain an action for malicious prosecution the underlying action must be terminated in the plaintiff's favor. Mayer v. Walter, 64 Pa. 283 (1870). *See also* Altman v. Standard Refrigerator Co., 315 Pa. 465, 173 A. 411 (1934); Baird v. Aluminum Seal Co., 250 F.2d 595 (3d Cir. 1957). Thus, the statute of limitations for malicious use of process does not begin to run until the favorable termination of the underlying prosecution. The complaint in this action was filed on August 22, 1972. The charges against plaintiff Edwards were discharged on August 24, 1970. Thus, her claim is barred by the one year statute of limitations.

Plaintiff Hughes was tried on March 27, 1972, at which time a demurrer to the charges against her was sustained. Thus, plaintiff Hughes' complaint was filed within the one year statute of limitations.

Accordingly, to the extent the complaint states a claim for false imprisonment, the defendants' motion to dismiss will be granted and plaintiffs will be barred from proceeding with that claim.

---

3. It has been observed that abuse of process: "has been used as a label for a variety of dissimilar situations which have in common only the fact that actionable injury was inflicted in connection with the use of judicial process and under circumstances such that the narrowly circumscribed action of malicious prosecution was inapplicable. Thus the term has been applied to cases of excessive execution on a judgment, [cites omitted] attachment for greatly excessive amount, [cites omitted] unnecessarily oppressive conduct in connection with the arrest of person or property, [cites omitted] and extortion of property by threat of criminal prosecution . . . ." Italian Star Line Inc. v. United States Shipping Board E. F. Corp., 53 F.2d 359 (2d Cir. 1931).

4. It is not necessary therefore to reach the question of the appropriate statute of limitations for an action for malicious abuse of process.

Plaintiff Edwards' claim for malicious use of process will be dismissed and she will be barred from proceeding with that claim. The defendants' motion to dismiss is denied with respect to defendant Hughes' claim for malicious use of process and both plaintiffs' claims for assault and battery.