## Dancison v. Gisser

*Sandra L. Smales,* for plaintiff.
*Frederick N. Frank,* and *Frank J. Lucchino,* for defendants.

FINKELHOR, *J.,* September 7, 1978—These proceedings, arising from a landlord-tenant dispute, are before the court on the preliminary objections of defendants, Helen and Meyron Gisser, in the nature of a demurrer to plaintiff's complaint in trespass and replevin filed May 13, 1976.[1] Defendants challenge the timeliness of plaintiff's cause of action and contend that plaintiff's complaint is barred by her failure to appeal from a default judgment entered by a district justice on March 4, 1974.

The facts alleged in plaintiff's complaint are briefly summarized.

In February 1973 plaintiff rented premises at 5809 Hays Street, Pittsburgh, Pa., from defendants Gisser under an oral month-to-month lease at a rental of $150 per month. In November 1973 plaintiff moved to Florida, leaving personalty valued at $1,500 on the leased premises and notifying defendants of her Florida address. In December 1973,

---

1. Preliminary objections of defendant William Evans raising the bar of the statute of limitations were sustained July 7, 1978, by order of Papadakos, *J.*

plaintiff notified defendants of her desire to terminate the tenancy. However, defendants refused to permit plaintiff's agent to remove her personalty from the premises, asserting arrearages in rental payments.

On or about February 20, 1974, more than two months after the refusal to permit the removal of plaintiff's property, defendants Gisser filed an action in assumpsit against plaintiff pursuant to section 301 of The Landlord and Tenant Act[2] alleging the unpaid rentals.

Notice of the action was mailed to plaintiff at the 5809 Hays Street address. Plaintiff alleges that she never received notice of the action.

A default judgment in the amount of $793.50 was taken March 4, 1974, against plaintiff for failure to appear at the hearing and an execution was made thereon. On or about April 8, 1974, a sheriff's sale was held at which defendants Gisser purchased plaintiff's property allegedly valued at $1,500. Plaintiff alleges that she did not receive notice of either the order of execution or the sale.

It is plaintiff's position that the withholding of her goods in December 1973 was improper, i.e., irregular and oppressive distraint, and that defendants' conduct constituted a trespass ab initio due to their failure to properly notify plaintiff of the proceedings, and due to the disparity in the amount of the default judgment and the value of the personalty

2. "Any landlord may recover from a tenant rent in arrears in an action of assumpsit as debts of similar amount are by law recoverable. In any such action, interest at the legal rate on the amount of rent due may be allowed if deemed equitable under the circumstances of the particular case." Act of April 6, 1951, P.L. 69, 68 P.S. §250.301.

sold: 68 P.S. 250.312.[3] Plaintiff also seeks to re-plevy her property under section 306 of The Land-lord and Tenant Act.

It is defendants' position that any defect in the distress procedure was cured by the default judg-ment and plaintiff's failure to appeal bars the in-stant proceedings.

### DISCUSSION

We believe that defendants' refusal to permit plaintiff's agent to repossess the personalty left at the Hays Street premises constituted a landlord's distraint: Derbyshire Bros. v. McManamy, 101 Pa. Superior Ct. 514 (1931). While distraint is author-ized by section 302 of The Landlord and Tenant Act, in the absence of prior notice and hearing such procedure violates plaintiff's procedural due pro-cess rights: Fuentes v. Shevin, 407 U.S. 67 (1972); Litton Business Systems, Inc. v. Paul L'Esperance,

---

3. "The landlord and his agent shall be liable to the tenant or the owner of the personal property distrained on in an action of trespass, (1) if the distress is for more rent than is due, (2) or if the amount of personal property distrained is unreasonably great, (3) or if made after a proper tender of the rent due was rejected, (4) or if the distress is conducted irregularly or oppres-sively, (5) or if any personal property taken in distress was, to the knowledge of the landlord or his agent, not distrainable, (6) or if the distress is made at an improper time, (7) or if the landlord or his agent receives notice, after the distress, from the owner or his agent or from the tenant having possession of the property that the personal property distrained on was not subject to distress and nevertheless proceeds with the sale without affording the owner a five day period after such notice to replevy such personal property." 68 P.S. §250.312.

Inc., 387 F. Supp. 1265 (E.D. Pa. 1975); Ragin v. Schwartz, 393 F. Supp. 152 (W.D. Pa. 1975). See also Xerox v. Hende-Jon Furniture Showrooms, Inc., 1 D. & C. 3d 587 (C. P. Allegheny Co. 1976) for compilation of cases on constitutionality of distraint procedure.

Abandonment of a distress, except where there is insufficient property to satisfy the distress or where the abandonment is at the request of the tenant or owner of the goods, is presumed to be a satisfaction of the rent. A distraint, irregular for want of notice or for disparity in the value of the property distrained and the rent due, cannot be abandoned and cured by a subsequent judgment and execution: Bernstein v. Colletris, 99 Pa. Superior Ct. 484 (1930); Bank of Hanover & Trust Co. v. Oxford Wood Products, Inc., 68 D. & C. 2d 274 (C.P. Adams Co. 1974).

In addition, plaintiff has alleged that neither notice of the order of execution nor notice of the sale were sent to her last known address as required by Pa.R.C.P.J.P. 405(B), 412(A), and challenges jurisdiction of the magistrate to execute on the default judgment. See Mullen v. Town and Country Food Co., Inc., 121 Pitts. L.J. 56 (C. P. Allegheny Co. 1972). While this matter should properly have been raised in an appeal or a petition to strike, we do not find that the default judgment corrects irregularities in the distraint procedure.

In ruling on preliminary objections, the court must assume the truth of the factual averments contained in plaintiff's complaint: Allstate Ins. Co. v. Fioravanti, 451 Pa. 108, 299 A. 2d 585 (1973). An examination of the complaint in the instant proceedings includes allegations that defendants

wrongfully impounded plaintiff's property and that the judgment and execution sale were made without proper notice to plaintiff. This is activity in violation of plaintiff's procedural due process rights and, if accepted as true, constitutes a proper basis for a trespass action under section 312. See also Morphy v. Shipley, 351 Pa. 425, 41 A. 2d 671 (1945); Restatement, 2d, Torts, §682—abuse of process.

However, plaintiff's cause of action in replevin is barred by her failure to timely file in accordance with the statutory provisions of section 306 of The Landlord and Tenant Act.[4]

Based upon the above discussion, an appropriate order is attached hereto.

## ORDER

And now, September 7, 1978, upon the preliminary objections of defendants, Helen and Meyron Gisser, and after consideration of the pleadings, briefs and oral arguments, it is hereby ordered, adjudged and decreed that said preliminary objections as to the count in replevin are sustained and said count shall be stricken from the complaint but the preliminary objections are dismissed as to the cause of action stated in trespass.

It is further ordered that defendants shall be granted 30 days from the date of this order to file an answer to the complaint.

---

4. "The tenant or owner of any personal property distrained on may, within five days next after notice of such distress, replevy the same. All proceedings in replevin shall be conducted in accordance with general law and applicable rules of procedure governing actions of replevin." 68 P.S. §250.306.