**Young v. Sheddy**

*William Caprio, III,* for plaintiffs.
*Norman Lubin,* for defendants.
*E. Eugene Yaw,* for petitioner.

RAUP, *P.J.*, April 24, 1984—Before the court is a petition to quash subpoena and for a protective order directing the deposition not to be held, filed by an attorney whose deposition plaintiffs seek to take. The motion arises out of a civil action brought by Mr. and Mrs. Young against Mr. Sheddy and Mrs. Lucas, filed on September 19, 1983. This action in turn, arises out of an action to quiet title (80-3162) filed by the above captioned plaintiffs against the above captioned defendants and certain other persons. In that quiet title action, judgment was entered in favor of plaintiffs, Mr. and Mrs. Young and against defendants, including Mr. Sheddy and Mr. and Mrs. Lucas. Defendants did not appear at trial and no testimony or evidence was presented or argument made with respect to the defendant's defenses.

In Count I of their complaint labeled "in trespass" plaintiffs assert a cause of action for "malicious abuse of process" against defendants for entering and asserting a defense to the action to quiet title, and for "maliciously defending" the action to quiet title. Count II is labeled as "intentional, willfull, ma-

licious misconduct", and alleges that defendants were "guilty of wanton and malicious misconduct in defending" the action to quiet title.

Petitioner in this matter was the attorney for the above captioned defendants in the action to quiet title. On or about February 19, 1984, a subpoena duces tecum was left at the petitioner's office directing her to testify in behalf of the plaintiffs in the above referenced matter and to bring with her her files, time records and billing to her clients for and in connection with the civil action captioned Young v. Lucas, et al., no. 80-3162, Court of Common Pleas, Lycoming County, Pennsylvania.

Petitioner is seeking a protective order under Pennsylvania Rule of Civil Procedure 4012 (a) (1) which would prohibit her deposition being taken. Pursuant to Rule 4012 (a) (1), any person from whom discovery is sought may, for good cause shown, obtain a protective order prohibiting the discovery or deposition. The rule further states that the court may make any order which justice requires to protect such a party or person from unreasonable annoyance, embarrassment, oppression, burden or expense. In this case, petitioner argues that under the circumstances presented here, the burden and annoyance is unreasonable and altogether unnecessary because plaintiffs' complaint on its face does not state a cause of action.

While our research has been unable to reveal any decisions by Pennsylvania Courts addressing this issue, we do note that the Federal Courts have not permitted the taking of a deposition of non party witnesses on the grounds that such discovery would be an unreasonable burden where the plaintiffs' claim is not actionable. See e.g. Apel v. Murphy, 70 F.R.D. 651 (D.R.I. 1976); Rosin v. New York Stock Exchange, Inc., 484 F. 2d 179 (7th Cir. 1973). Peti-

tioner argues that the practice in Pennsylvania with respect to precluding discovery which is unreasonably burdensome, annoying or vexatious would follow the federal practice. As evidence of such position she points to 5 Anderson PA. Standard Civil Practice, §4001.90:

"When it is manifest that the claim or defense of the moving party is without merit, discovery may be properly denied on the ground that the discovery could not aid the moving party, and that consequently the burden imposed on the adverse party by a useless discovery is unreasonable and should therefore be refused."

We believe that only in the case where there clearly is no actionable claim on plaintiffs' part, should the court not permit plaintiffs to engage in discovery of a non party witness on the grounds that such discovery would be annoying or harrassing. We further believe that this is such a clear case.

In their answer to the petition to quash subpoena and for protective order plaintiffs, in paragraphs 5 and 12 assert that their civil action is "an action for wrongful use of civil process against the defendant for defendant (sic.) and asserting a non meritorious claim to real estate owned by plaintiffs. Said action is brought under 42 Pa. C.S. §8351, et seq." Section 8351 of the Judicial Code sets forth a cause of action for wrongful use of civil proceedings. The elements of such an action are set forth in subsection (a) of §8351:

"(a) Elements of action. A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

(1) He acts in a grossly negligent manner or without probable cause and primarily for purposes other than that of securing the proper discovery, joinder

of parties or adjudication of a claim in which the proceedings are based; and

(2) The proceedings have terminated in favor of the person against whom they are brought." Without even getting into defendants' purposes in defending the action to quiet title, it is clear that plaintiffs would have no cause of action against defendants for wrongful use of civil proceedings.

Subsection (a) (2) of §8351 specifically states that the proceedings must have terminated in favor of the person against whom they are brought. In the action to quiet title brought by the plaintiffs against the defendants, the proceedings terminated in favor of the person who initiated the proceeding, plaintiffs. Obviously, the legislature intended to curtail the use of civil proceedings in a malicious, abusive or annoying manner. Any other construction of this cause of action, allowing individuals to be sued under this act for defending prior actions, would place a considerable burden on the courts by creating a never ending progression of litigation as well as having a chilling effect upon an individual's ability or willingness to defend a suit for fear that he may thereby become liable in a second suit. We do not believe that such a result was ever envisioned.

Clearly, plaintiffs have no cause of action in wrongful use of civil proceedings.[1] This statutory

---

1. Even if plaintiffs are bringing this action under an abuse of process theory, rather than for wrongful use of civil proceedings under §8351 as they state in their answer to petitioner's petition, they still have no cause of action. A cause of action for common law abuse of process can be established only if there are allegations that the actions of the defendants constituted the seizure of plaintiffs' property or arrest of the person. See Deitrich Industries, Inc. v. Abrams, 309 Pa. Super. 202, 455 A. 2d 119 (1982); Ace v. Argonaut Insurance Company, 307 Pa. Super. 200, 452 A. 2d 1384 (1982).

cause of action never encompassed the defense of an action. By bringing this action against the defendants for offering a defense in the prior action, plaintiffs have failed to state a valid cause of action. As such, any attempt at deposing petitioner would result in an unreasonable annoyance or burden upon her. The lack of merit in plaintiffs' claim is sufficient cause upon which this court may enter a protective order directing that the deposition of the petitioner not be held.

## ORDER

And now, this April 24, 1984, for the reasons set forth in the foregoing, the petition to quash subpoena and for a protective order directing that the deposition not be held is granted.